# UNITED STATES DISTRICT COURT

*For*
*The District of Rhode Island*

Brandon L. Dawkins

:
:
_____
:
_____
:
_____
:
**(Enter the full name(s) of the**
:
**Plaintiff(s) in this action)**
:
:

*FILED*

*2014 JAN -3 P 2:24*

*U.S. DISTRICT COURT*
*DISTRICT OF RHODE ISLAND*

**CA 14 -    04**

vs.

:
:
:
:
:

Civil Action No. _____

Michael Costigan
:
Christopher Miller
:
Pawtucket Police Dept.
:
_____
:
**(Enter the full name(s) of the**
:
**Defendant(s) in this action)**
:
:

## PREVIOUS LAWSUITS

A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes: _____    No: ✓

B.  If your answer to "A" is yes, describe each lawsuit in the space below.(If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1.  Parties to this previous lawsuit:

      Plaintiffs: _____

      _____

      Defendants: _____

      _____

-2-

2.  Court where action was filed(if federal, give the district; or if state, give the county):

_____

3.  Please give docket number(s): _____

4.  Name of Judge to whom case was assigned: _____

_____

5.  Disposition of case(for example, was the case dismissed or appeal, or is it still pending)

_____

6.  Approximate date of filing lawsuit: _____

7.  Approximate date of disposition: _____

II.  PLACE OF PRESENT CONFINEMENT

   A.  Did you present the facts relating to this complaint to the Warden or any of the prison officials?

   Yes

   B.  If your answer was Yes:

      1.  What steps did you take? I mailed a written complaint to the Pawtucket police dept. on 11-14-12

      2.  What was the result(s): No response as of yet.

_____

   C.  If your answer is NO, explain why not: _____

_____

III. PARTIES

   In item "A" below, place your name in the first blank.  Do the same for for any additional parties, if any.

   A.  Name of Plaintiff: Brandon L. Dawkins

_____

In item "B" below, place the full name of the Defendant in the first blank, his official position in the second blank, and his place of employment in the third blank.  Use item "C" for the names, position and places of employment of any additional Defendants.

B. Defendant _Michael Costigan_ is employed
as _Police Officer_ at _Pawtucket Police Dept._

C. Additional Defendants: _Christopher Miller, Police_
_Officer – Pawtucke Police Dept._
_Pawtucket Police Dept_

## IV. STATEMENT OF CLAIM

State here as briefly as possible the _facts_ of your case.
Describe how each Defendant is involved.  Include also the
names of any other person(s) involved, dates and places.  Do
not give any legal argument or cite any cases or statutes.  If
you intend to allege a number of related claims, number and set
forth each claim in a separate paragraph.  Use as much space as
you need.  Attach an extra sheet, if necessary.

_See Attached_

## V. RELIEF

State briefly exactly what you want the Court to do for you.
Make _no_ Legal arguments and do not cite any cases or statutes.

_See Attached_

United States District Court
For the District of Rhode Island

Brandon Dawkins,
Plaintiff
  -v-                              Civil Action No:
Michael Castigan,
Christopher Miller,
Pawtucket Police Dept.,
Defendents

FILED
2014 JAN -3 P 2:19
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

Complaint With Jury Demand

This is a civil rights action filed by Brandon Dawkins for damages and declotory relief under 42 U.S.C. §1983, alleging excessive force in violation of the Eighth Amendment to the United States Constitution and the Fourth Amendment to the United States Constitution. The plaintiff also alleges the torts of Assault battery and negligence

Jurisdiction

1. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C §§ 1331(1) and 1343.
2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C § 1367.

## Parties

3. The plaintiff Brandon Dawkins was in custody of the Pawtucket Police during the Events described in this Complaint.

4. Defendant Michael Costigan is a police officer employed by the City of Pawtucket Police Department. He is sued in his Individual capacity and Official Capacity.

5. Defendant Christopher Miller is a police officer employed by the City of Pawtucket Police department. He is sued in his Offical and Individual capacities.

6. The City of Pawtucket Police Department Is responsible for the training and actions of all officers. They are sued in their Offical and individual capacites

7. All defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

## Facts

8. On Febuary the 23rd, 2012 the plaintiff was observed hiding under a large pool deck in the rear yard of 28 Cleveland St. Pawtucket, Rhode Island, by officer Michael

Costigan.

9. Officer Costigan pulled his gun and ordered the plaintiff to come from underneath the deck with his "hands in front" of him.

10. The plaintiff proceeded to follow orders by crawling towards the space from which he came at the base of the fencing at the middle of the deck.

11. Officer Costigan had his gun pointed at the plaintiff's head the whole time he was crawling – on hands and knees from under the deck.

12. As soon as the plaintiff's upper body was through the fencing, Officer Costigan pulled him the rest of the way out by his hooded sweatshirt and immediately straddled the plaintiff's back.

13. While the plaintiff lay face down on his stomach, hands streched out in front of him as ordered, and unresisting, defendant Costigan began punching and hitting the plaintiff on both sides of his face and head with his fist and his gun.

14. While striking the plaintiff repeatedly defendant Costigan screamed: "You like pointing guns at people? You fucking niggers don't learn".

15. After a few blows, the plaintiff tried to block his face with his hands at which point defendant Costigan slammed down his gun twice (that plaintiff recalls) on the plaintiff's skull (the back) causing the plaintiff a brief loss of consciousness.

16. When the plaintiff came through he was already handcuffed and being dragged by defendant Costigan to the right side of the deck where he was placed face down on his stomach, facing the front of the house and street.

17. When the plaintiff looked up he seen an officer — later identified as Christopher Miller — coming down the walk way from the street to the back of the house where the plaintiff was lying.

18. When Officer Miller reached the plaintiff he bent over and sprayed the plaintiff's face on both the right and left sides with bursts of O.C. spray during which

time the plaintiff was unresisting, hand-cuffed to the back and crying from the blows he suffered to the head.

19. The plaintiff was then brought to Memorial Hospital of Rhode Island where he was treated for multiple lacerations on the face which were stitched closed and the back of the head; which had to be stapled shut.

20. Since the beating, the plaintiff has, and continues to suffer from severe Migrain headaches and has been prescribed several medications over the course to help with the excruciating pain.

## Exhaustion of Administrative Remedies

21. The plaintiff has exhausted all available administrative remedies.

## Claims for Relief

22. Plaintiff reallege and incorporates by reference paragraphs 1-21

23. By repeatedly punching and pistol whipping the plaintiff while subjecting him to racial verbal assault without need or provocation by defendant Costigan Constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution

24 Defendant Costigan's actions in using excessive force against the plaintiff without need or provocation while subjecting him to racial slurs constitutes the torts of assault and battery under Rhode Island General Laws.

25 Defendant Miller's actions in using a chemical agent on the plaintiff after he was already detained, without any need or provocation constitutes cruel and unusual punishment in violation of the Eighth amendment of the United States Constitution.

26 Defendant Miller's actions in using a chemical agent on the plaintiff without any need or provocation constitutes the torts

of assault and battery under Rhode Island General laws.

27. The use of excessive force by both defendants Costigan and Miller violates the plaintiff's due process rights under the Fourth Amendment to the United States constitution.

28. The use of excessive force by both the defendants Costigan and Miller constitutes the tort of negligence under Rhode Island General laws.

29. All of the above violations has caused the plaintiff pain, suffering, physical injury and emotional and mental distress

30. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the relief which plaintiff seeks.

## Prayer for Relief

Wherefore, Plaintiff respectfully prays that this Court enter judgement:

1. Granting Plaintiff Dawkins a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States and the State of Rhode Island.

2. Granting compensatory damages in the amount of $50,000 against each defendent jointly and severally.

3. Granting punitive damages in the amount of $50,000 against each defendent jointly and severally

4. Plaintiff also seeks a jury trial on all issues triable by jury

5. Plaintiff also seeks recovery of his Costs in this suit and any medical cost he has accumulated and

6. Any additional relief this Court deems just proper and equitable

Dated: December 25, 2013

Respectfully Submitted,
Brandon L. Dawkins
P.O. Box 8200 (E-mod)
Cranston, RI 02920

Verification

I have read the foregoing complaint and
hereby verify that the matters alleged therein
are true. I further certify under penalty of
Pujury that the foregoing is true and correct.

Executed at Cranston, RI
December 25, 2013

Brandon Dawkins